IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DEBORAH MOHAMED                                                                  PLAINTIFF

vs.                                                                                                     No. 4:05CV96-D-B

CHRISTINE MITCHELL; et al.                                              DEFENDANTS

<u>OPINION GRANTING MOTION TO REMAND</u>

Presently before the court is the Plaintiff's motion to remand this matter to the Circuit Court of Humphreys County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

*A. Factual Background*

On June 15, 2002, the Plaintiff was involved in an automobile accident with the Defendant Christine Mitchell. Thereafter, on March 21, 2005, the Plaintiff filed this action in the Circuit Court of Humphreys County, Mississippi, asserting claims for, *inter alia*, negligence and breach of contract. The Defendants removed the action to this court on April 20, 2005, on the basis of diversity jurisdiction, alleging that the Plaintiff's claims against the Defendants have been improperly joined in this single action. The Plaintiff subsequently motioned the court to remand this matter to state court.

*B. Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest

and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); <u>Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.</u>, 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). In the case *sub judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiff, however, asserts that the court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

Here, the Plaintiff and the Defendant Christine Mitchell are indisputably citizens of the State of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiff has fraudulently misjoined her claims against Mitchell with her claims against the remaining Defendants. Misjoinder of claims as a ground for disallowing remand was first adopted by the United States Court of Appeals for the Eleventh Circuit, and has subsequently been mentioned by the Fifth Circuit. <u>See</u> <u>Tapscott v. MS Dealer Service Corp.</u>, 77 F.3d 1353 (11th Cir. 1996); <u>In re: Benjamin Moore & Co.</u>, 309 F.3d 296 (5th Cir. 2002). Mere misjoinder of claims, however, does not rise to the level of fraudulent misjoinder; to rise to that level, the misjoinder must be totally unsupported or "egregious" misjoinder. <u>Tapscott</u>, 77 F.3d at 1360; <u>Sweeney v. Sherwin Williams Co.</u>, 304 F. Supp. 2d 868, 872 (S.D. Miss. 2004). In determining whether any such egregious misjoinder has taken place in this case, Rule 20 of the Mississippi Rules of Civil Procedure applies. <u>Sweeney</u>, 304 F. Supp. 2d at 872-73; <u>Jamison v. Purdue Pharma Co.</u>, 251 F. Supp. 2d 1315 (S.D. Miss. 2003).

Finally, federal courts are to construe removal statutes "strictly against removal and for remand." <u>Eastus v. Blue Bell Creameries, L.P.</u>, 97 F.3d 100, 106 (5th Cir. 1996); <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

## C. Discussion

### 1. Misjoinder of Claims/Defendants

The Defendants assert that the Plaintiff has egregiously misjoined her claim against the Defendant Mitchell with her claims against the other Defendants. The Plaintiff has asserted claims against her insurer and others for, *inter alia*, breach of contract in connection with the subject June 15, 2002, accident, and against Mitchell for negligence in connection with the accident.

As noted previously, Rule 20 of the Mississippi Rules of Civil Procedure governs the joinder of the parties in this action; it provides that:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Miss. R. Civ. P. 20(a).

Thus, in order for the joinder of multiple defendants to be proper in this case, there must be both common questions of law or fact and the rights asserted must arise out of the same transaction or series of transactions. Id.; Mercer v. Moody, No. 2004-IA-01351-SCT, 2005 WL 1385205, at *2 (Miss. May 26, 2005). The United States Supreme Court has held that, in general, the joinder of defendants is encouraged so long as there are enough ultimate factual concurrences that it would be fair to the defendants to require them to defend jointly. United Mine Workers v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966).

Here, there is no question that common questions of law and fact link the Plaintiff's allegations to all of the Defendants, and that the rights asserted by the Plaintiff against all the Defendants arise out of the same transaction or series of transactions. The Plaintiff's allegations

against all Defendants stem from their purported conduct relating to the automobile accident, and the ensuing insurance disputes, that occurred between the Plaintiff and the Defendant Mitchell on June 15, 2002. In addition, the Mississippi Supreme Court has recently held that separate claims against a negligent tortfeasor and the injured party's insurer relating to the same automobile accident arise out of the "same transaction, occurrence, or series of transactions or occurrences" under Rule 20, and that such an accident is a distinct litigable event for Rule 20 purposes. Mercer, No. 2004-IA-01351-SCT, 2005 WL 1385205, at *2.

The court holds, therefore, that the Defendants' misjoinder argument fails. The Plaintiff has sued all of the Defendants for conduct related to a single event: the June 15, 2002, automobile accident between the Plaintiff and the Defendant Mitchell; and there are questions of fact and law common to all defendants that will arise in this action. Accordingly, the court finds that no egregious misjoinder has taken place in this case.

*D. Conclusion*

In sum, the court finds that the Defendants' argument concerning the potential misjoinder of the Plaintiff's claims against them is without merit. As such, the Plaintiff's motion to remand shall be granted pursuant to 28 U.S.C. §1447(c) and this cause shall be remanded to the Circuit Court of Humphreys County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 23rd day of January 2006.

/s/ Glen H. Davidson
Chief Judge